{¶ 41} I concur with the majority in this case. However, my analysis of the issue is much more basic. The board is essentially stating that the first two conditions of its suspension order were jurisdictional time limits. Therefore, if appellant failed to timely meet these requirements, he would in essence never be permitted to have his license reinstated. This would be an unjust result. *Page 13 
 {¶ 42} There is nothing in the board's initial order that suggests this time limitation is paramount and critical. In fact, the opposite is true. In the third condition, the board states if appellant has not completed the jurisprudence exam within two years from the effective date of the order, "* * * his license will be reinstated after this condition has been achieved."
 {¶ 43} In addition, appellant commenced the exam process with a psychiatrist prior to the "critical" deadline. The board seems to substitute its judgment for that of the psychiatrist. The psychiatrist determined there was nothing clinically wrong with appellant and no further anger management or other treatment was necessary. In fact, his recommended "treatment plan" was basically that appellant did not require treatment. While the board may not like this determination by the psychiatrist, the feelings of the board are not relevant.
 {¶ 44} If we accept the position of the board, appellant has received a lifetime suspension because he missed a board-imposed deadline. He has now been without a license for over eight years, although his original suspension was only for two years. I would reverse and remand for the purpose of entering an order allowing appellant to complete the jurisprudence exam offered by the board. *Page 1